IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARMONY TRANSPORT, SA, *et al.*, | § | |
|   Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1397 |
| | § | |
| T/V GARY REED, *et al.*, | § | |
|   Defendants. | § | |

# **MEMORANDUM AND ORDER**

This admiralty case is before the Court on the Motion to Exclude Dr. Dick K. P. Yue [Doc. # 46] filed by Third-Party Defendants Stolt Tanker B.V., Stolt Innovation B.V., and the M/T Stolt Innovation (collectively herein, "Stolt"), to which Third-Party Plaintiff Kirby Inland Marine, L.P. ("Kirby") filed a Response [Doc. # 50], and Stolt filed a Reply [Doc. # 53]. Also pending is Stolt's Motion to Exclude Captain Atul Mathur [Doc. # 47], to which Kirby filed a Response [Doc. # 49], and Stolt filed a Reply [Doc. # 51]. Lastly, Kirby filed a Motion to Exclude the Testimony of Hugh Guidry [Doc. # 48], to which Stolt filed a Response [Doc. # 52]. The Court has carefully reviewed the full record, including the expert reports and deposition testimony of the proffered expert witnesses. Based on this review, and the application

of binding and persuasive legal authorities, the Court **denies** the motions to exclude without prejudice to the witnesses' opinion testimony being challenged at trial.

## I.    BACKGROUND

On March 14, 2014, a collision occurred in the Houston Ship Channel when two Kirby barges being pushed by the T/V Gary Reed became disconnected and the lead barge struck the cargo ship M/V Genius Star VII. Plaintiffs Harmony Transport, SA, and Wisdom Marine Lines, SA, as owners of the M/V Genius Star VII, filed this lawsuit against Kirby. Kirby filed a Third Party Complaint against Stolt. Kirby asserts that the M/V Stolt Innovation passed the M/V Gary Reed just before the collision. Kirby alleges that the M/V Stolt Innovation was travelling at an unreasonable rate of speed, causing a large wake that caused the lines securing the two Kirby barges to break and causing the lead Kirby barge to drift into the Houston Ship Channel and collide with the M/V Genius Star VII.

Kirby designated Dr. Dick K.P. Yue as an expert on the effect of hydrodynamic forces. Dr. Yue's Report is attached to the Motion to Exclude [Doc. # 46] as Exhibit B. Dr. Yue is a full time faculty member at the Massachusetts Institute of Technology (M.I.T.) teaching hydrodynamics, fluid mechanics, and computations methods with applications to coastal and ocean engineering. He holds a Doctor of Science from M.I.T. in theoretical and computational wave hydrodynamics. Stolt

seeks to exclude Yue's opinions regarding the effect of the wave created by the M/V Stolt Innovation on the Kirby barges. Stolt asserts that Yue's opinions are based on an inaccurate understanding of the vessels' positions at the time of the collision.

Kirby also designated Captain Atul Mathur to testify regarding the role in the collision of the actions of the Master of the M/V Stolt Innovation and the vessel's bridge resource management, pilotage, speed, maneuvering and wake characteristics. Captain Mathur's Report is attached to the Motion to Exclude [Doc. # 46] as Exhibit A. Captain Mathur is a master mariner who commanded many types of vessels. He served in the merchant marine for 14 years. He has experience in the management and safety operations on board vessels, and his experience includes traversing narrow transits such as the Houston Ship Channel. Since 1999, Captain Mathur has worked as a consultant and surveyor, participating in cargo surveys, risk assessments for heavy cargo transportation, barge stability surveys, ballast calculations, ensuring safe practices and procedures during operations, and other similar assignments. Stolt challenges Captain Mathur's qualifications, and argues that his opinions are unreliable because they fail to account for other possible causes of the collision.

Stolt designated Hugh Guidry as an expert witness, and he has opined that the collision was the result of Kirby's barges being improperly coupled. Captain Guidry's

Report is attached to the Motion to Exclude [Doc. # 48] as Exhibit A. Captain Guidry is a U.S. Coast Guard licensed mariner with over 36 years of experience in the maritime industry. He was a Captain and Port Captain for Kirby from 1990 to 1998, and is currently a Full Branch Pilot with the Houston Pilots Association. Kirby has moved to exclude Captain Guidry's opinions, arguing that his relevant experience is outdated.

## II.     MOTIONS TO EXCLUDE EXPERTS IN NON-JURY CASES

Witnesses who are qualified by "knowledge, skill, experience, training or education" may present opinion testimony to the jury. *See* FED. R. EVID. 702; *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (*en banc*); *Wellogix, Inc. v. Accenture, LLP*, 716 F.3d 867, 881 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 2725 (2014). These requirement apply to both scientific and experienced-based expertise. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). An expert may not present opinion testimony that goes beyond the scope and extent of his expertise. *See Wellogix*, 716 F.3d at 881.

The expert testimony must be relevant in the sense that it would assist the trier of fact to understand or determine a fact in issue. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993). The proffered expert opinions must also be reliable. *See id* at 593-94. "Reliability" requires that the proponent of the expert

testimony must present some objective, independent validation of the expert's methodology. *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012).

Trial courts act as "gate-keepers," making a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. "[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire*, 526 U.S. at 152. In *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000), the Fifth Circuit noted that "the importance of the trial court's gatekeeper role is significantly diminished in bench trials, as in this instance, because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." *Whitehouse Hotel Ltd. Partnership v. C.I.R.*, 615 F.3d 321, 330 (5th Cir. 2010). "Where the gatekeeper and the factfinder are one and the same -- that is, the judge -- the need to make such decisions prior to hearing the testimony is lessened." *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) (citing *United States v. Brown*, 415 F.3d 1257, 1268-69 (11th Cir. 2005)). "That is not to say that the scientific reliability requirement is lessened in such situations; the point is only that the court can hear the evidence and make its reliability determination during, rather than in advance of, trial." *Salem*, 465 F.3d at 777. The Court finds this procedure to be appropriate in

this non-jury case and, as a result, will hear the challenged evidence and make admissibility rulings during trial.

### III.   CONCLUSION AND ORDER

The Court has reviewed the expert reports and testimony that are the subject of the pending motions to exclude. The Court concludes that, in this non-jury case, it can hear the evidence and make its admissibility determinations during, rather than in advance of, trial. The Court can make appropriate evaluations of weight and credibility as to any admissible evidence. The denial at this stage of the Motions to Exclude should not be interpreted as an indication regarding whether the opinions of any expert(s) will be deemed admissible. Nor should the denial be interpreted as an indication that, if admitted, the opinions will be entitled to significant weight by the Court in ruling on the liability issues in the case. Accordingly, it is hereby

**ORDERED** that the Motion to Exclude Dr. Dick K.P. Yue [Doc. # 46], the Motion to Exclude Captain Atul Mathur [Doc. # 47], and the Motion to Exclude the Testimony of Hugh Guidry [Doc. # 48] are **DENIED WITHOUT PREJUDICE**. The deadline for the Joint Pretrial Order remains September 21, 2015, and the case remains scheduled for docket call on **October 1, 2015**.

SIGNED at Houston, Texas this **16th** day of **September, 2015.**

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE